1    KAREN P. HEWITT
      United States Attorney
2    LAWRENCE A. CASPER
      Assistant U.S. Attorney
3    California State Bar No. 235110
      Federal Office Building
4    880 Front Street, Room 6293
      San Diego, California 92101-8893
5    Telephone No.: (619) 557-7455
      Facsimile No.: (619) 235-2757
6    Email: lawrence.casper@usdoj.gov

7    Attorneys for Plaintiff
      United States of America

8

                   UNITED STATES DISTRICT COURT

9

                SOUTHERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,       )    Criminal Case No. 07CR0267-L
                                   )

12               Plaintiff,         )    District Judge:      Hon. M. James Lorenz
                                   )    Courtroom:        14 (Fifth Floor)
       v.                             )    Date:            April 7, 2008
13                                          )    Time:            2:00 p.m.
      MELANIE ELIZABETH DEPALMER(2), ) 

14                                          )    UNITED STATES' RESPONSE AND
           Defendant.           )    OPPOSITION TO DEFENDANT'S MOTION
15                                          )    TO COMPEL DISCOVERY
                                         )
16                                          )    TOGETHER WITH STATEMENT OF FACTS,
                                         )    MEMORANDUM OF POINTS AND
17                                          )    AUTHORITIES, AND GOVERNMENT'S
                                         )    MOTIONS TO:
18                                          )    (1)     COMPEL PRODUCTION OF
                                         )              RECIPROCAL DISCOVERY; AND
19                                          )    (2)     COMPEL FINGERPRINT
                                         )              EXEMPLARS.
20                                          )
                                         )
21    _____ )

22         Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel KAREN P.

23    HEWITT, United States Attorney, and LAWRENCE A. CASPER, Assistant U.S. Attorney, hereby

24    files its Response and Opposition to the motion filed by Defendant Melanie Elizabeth DePalmer

25    ("Defendant") to compel discovery and hereby files its: (1) Motion To Compel Production of

26    Reciprocal Discovery; and (2) Motion To Compel Fingerprint Exemplars. This Response and

27    Opposition and Motion To Compel Production of Reciprocal Discovery and Motion To Compel

28    Fingerprint Exemplars is based upon the files and records of this case.

# I

## STATEMENT OF FACTS

### A.    Statement of the Case

On January 31, 2008, a federal grand jury returned a five-count Indictment charging Defendant and co-defendant Michael Daniel Lilly Martin with bank robbery in violation of Title 18, United States Code § 2113(a).  Defendant entered a not guilty plea before Magistrate Judge Cathy Ann Bencivengo on March 4, 2008.

### B.    Statement of Facts

In October 2007 Defendants committed a series of bank robberies of federally insured financial institutions in San Diego County.  In total, more than $12,000 in cash was taken during the five robberies that are described in the indictment. Defendants were caught on bank surveillance photographs from the robberies.  Items of clothing and hats worn by the robbers and shown on the bank surveillance photographs were found among the personal belongings of the Defendants.

On November 3, 2007 Defendant Melanie Elizabeth DePalmer, who was in custody being held on a warrant issued in Northern California, was advised of her <u>Miranda</u> rights and provided a voluntary statement.  She told agents that she and Defendant Martin have been involved in a romantic relationship for approximately four years.  Defendant DePalmer admitted that she and Defendant Martin had been involved, during the preceding five or six weeks, in a series of bank robberies in San Diego County.  She admitted that, on most occasions, Martin would enter the bank to commit the robbery and that she was always with him when he committed a robbery and she typically waited in the get away vehicle.  Defendant DePalmer positively identified Defendant Martin from the bank surveillance photographs from each of the five robberies.  She also positively identified herself in bank surveillance photograpsh from the October 5, 2007 robbery of the Citibank in La Mesa, California.  On that occasion, Defendant Martin believed he was "too hot" to go into a bank; therefore she was to commit that robbery.

### C.    Defendant's Criminal History

Defendant has the following criminal history:

| 8/28/2002 | HS 11377(A) - poss of c/s (felony); HS 11550(A) use/under influence c/s | 3 years probation |
|---|---|---|
| 7/8/2003 | HS 11377(A) - poss of c/s | 1 year jail/3 years probation |
| 12/12/2007 | PC 211 - 2nd Degree Robbery (2 counts) | 2 years jail (count 1); 1 year jail (count 2) (consecutive time) |

## II

## ARGUMENT

### A.     The Government Will Comply With All Discovery Obligations

The Government intends to continue full compliance with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.[1] To date, the Government has provided 104 pages of discovery. The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

### (1)   Defendant's Statements

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses).

---

[1]   Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

However, the Government objects to providing Defendant with a copy of the rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

**(2)    Reports of Scientific Tests or Examinations**

If any scientific tests or examinations were conducted or are conducted in the future, the United States will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(3)    Brady Material**

The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only

4                                          07CR0267-L

exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States.  See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985).  This obligation also extends to evidence that was not requested by the defense.  Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976).  "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).  The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam).  Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380, 389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over.  (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)).  Nor does Brady require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahn, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

### **(4)    Sentencing Information**

The United States is not obligated under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny to furnish a defendant with information which he already knows.  United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986).  Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant.  In such case, the United

1  States has not suppressed the evidence and consequently has no <u>Brady</u> obligation. <u>See</u> <u>United States</u>

2  <u>v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987).

3      But even assuming Defendant does not already possess the information about factors which

4  might affect his guideline range, the United States would not be required to provide information

5  bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty

6  and prior to his sentencing date.  <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th Cir.

7  1988) ("No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time when the

8  disclosure remains in value.").  Accordingly, Defendant's demand for this information is premature.

9              **(5)    Defendant's Prior Record**

10      The United States has already provided Defendant with a copy of any criminal record in

11  accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

12              **(6)    Proposed 404(b) and 609 Evidence**

13      Should the United States seek to introduce any similar act evidence pursuant to Federal Rules

14  of Evidence 404(b) or 609(b), the United States will provide Defendant with notice of its proposed

15  use of such evidence and information about such bad act at or before the time the United States' trial

16  memorandum is filed.  The United States reserves the right to introduce as prior act evidence any

17  conviction, arrest or prior act that is disclosed to the defense in discovery.

18              **(7)    Evidence Seized**

19      The United States has complied and will continue to comply with Rule 16(a)(1)(C) in

20  allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

21  evidence which is within the possession, custody or control of the United States, and which is

22  material to the preparation of Defendant's defense or are intended for use by the United States as

23  evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

24      The United States, however, need not produce rebuttal evidence in advance of trial.  <u>United</u>

25  <u>States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984), <u>cert. denied</u>, 474 U.S. 953 (1985).

26  //

27  //

28  //

**(8)    Request for Preservation of Evidence**

After issuance of a an order from the Court, the United States will preserve all evidence to which Defendant is entitled to pursuant to the relevant discovery rules.  However, the United States objects to Defendant's blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.  The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

**(9)    Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant.   The Government need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(10)    Bias of government witnesses**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(11)    Impeachment Evidence**

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

//

//

07CR0267-L

1

### (12)    Investigation of witnesses

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities.  As previously discussed, however, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses.

### (13)    Evidence regarding ability to testify

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, or ability to communicate.  The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information  is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

### (14)    Witness Addresses

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant.  A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial.  See Weatherford v. Bursey, 429 U.S. , 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992)(citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required.  See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

The Government objects to Defendant's request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness.  "There is no statutory basis for granting such broad requests," and such a request "far exceed[s] the parameters of Rule 16(a)(1)(c)" United States v. Yung, 97 F. Supp. 2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).

07CR0267-L

1

**(15)**   **Name of Witnesses Favorable to Defendant**

The Government is not aware of the names of any witnesses favorable to the Defendant's case.  If the Government discovers any witnesses favorable to Defendant, the names of such witnesses will be promptly provided to Defendant

**(16)**   **Statements Relevant to the Defense**

The United States will comply with all of its discovery obligations.  However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality."  Gardner, 611 F.2d at 774-775 (citation omitted).

**(17)**   **Jencks Act**

The Jencks Act, 18 U.S.C. § 3500 (which tracks Rule 26.2), requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). While the Government is only required to produce all Jencks Act material <u>after</u> the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(18)**   **Giglio Information**

As stated previously, the United States will comply with its obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S.  83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

**(19)**   **Personnel Records of Government Officers**

The United States objects to this request.  Defendant has not shown how any personnel records of the arresting officers are relevant to this case.  Defense counsel has no constitutional right to conduct a search of agency files to argue relevance.  <u>See</u> <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 59-60 (1987) (citing <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and <u>Brady</u> did not create one")).  Thus, the

1   United States will review these records for impeachment information and fully comply with its

2   Henthorn obligations, but will not provide these records as Rule 16 discovery.

3       **(20)    Government Examination of Law Enforcement Personnel Files**

4       The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991)

5   and request that all federal agencies involved in the criminal investigation and prosecution review

6   the personnel files of the federal law enforcement inspectors, officers, and special agents whom the

7   Government intends to call at trial and disclose information favorable to the defense that meets the

8   appropriate standard of materiality.  United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing

9   United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992).   If the undersigned Assistant U.S.

10  Attorney is uncertain whether certain incriminating information in the personnel files is "material,"

11  the information will be submitted to the Court for an in camera inspection and review.

12      **(21)    Notice and Written Summary of Any Expert Testimony**

13      The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

14  summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

15  of the Federal Rules of Evidence during its case-in-chief at trial.  That summary will include the

16  expert witnesses' qualifications as well as the expert witnesses opinions, and the bases and reasons

17  for those opinions.

18  **B.    The Government Does Not Oppose A Further Motion Hearing Provided That
        Any Additional Motions Are Based on New Evidence**

19

20      The Government does not object to the granting of leave to file further motions as long as

21  the order applies equally to both parties and any additional defense motions are based on newly

22  discovered evidence or discovery provided by the Government subsequent to the motion filed in this

23  case.

    **III**

24  **GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY**

25  **A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

26      Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E),

27  the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1),

28

1  requests that Defendant permit the Government to inspect, copy and photograph any and all books,

2  papers, documents, photographs, tangible objects, or make copies or portions thereof, which are

3  within the possession, custody, or control of Defendant and which Defendant intends to introduce

4  as evidence in his case-in-chief at trial.

5       The Government further requests that it be permitted to inspect and copy or photograph

6  any results or reports of physical or mental examinations and of scientific tests or experiments

7  made in connection with this case, which are in the possession and control of Defendant, which

8  he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness

9  whom Defendant intends to call as a witness.  The Government also requests that the Court make

10  such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government

11  receives the reciprocal discovery to which it is entitled.

12       **B.**    **Reciprocal Jencks – Statements By Defense Witnesses**

13       Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

14  production of the prior statements of all witnesses, except a statement made by Defendant.  The time

15  frame established by Rule 26.2 requires the statements to be provided to the Government after the

16  witness has testified.  However, to expedite trial proceedings, the Government hereby requests that

17  Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date

18  before trial to be set by the Court.  Such an order should include any form in which these statements

19  are memorialized, including but not limited to, tape recordings, handwritten or typed notes and

20  reports.

21  **IV**

22  **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

23       The Government requests that Defendant be ordered to make herself available for fingerprint

24  exemplars at a time and place convenient to the Government's fingerprint expert.  See United States

25  v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to

26  order a defendant to provide handwriting exemplars, fingerprints, and palmprints).

27       Because  the fingerprint exemplars are sought for the sole purpose of proving

28  Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not

       07CR0267-L

1  implicated.  See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing

2  United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).   Furthermore, an order

3  requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth

4  Amendment rights.  See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth

5  Amendment privilege "offers no protection against compulsion to submit to fingerprinting");

6  Williams v. Schario, 93 F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the absence

7  of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth

8  Amendment).

9                                                    V

10                                          **CONCLUSION**

11          For the foregoing reasons, the United States requests that the Court deny Defendant's motion

12  and grant the United States' motion for reciprocal discovery and for an order compelling Defendant

13  to provide fingerprint exemplars.

14          Dated: March 13, 2008.

15                                                          Respectfully submitted,

16                                                          KAREN P. HEWITT
                                                            United States Attorney

17

18
                                                            *s/Lawrence A. Casper*
19                                                          _____
20                                                          LAWRENCE A. CASPER
                                                            Assistant U.S. Attorney
                                                            Attorneys for Plaintiff
21                                                          United States of America
                                                            Email: lawrence.casper@usdoj.gov
22

23

24

25

26

27

28

                                                    12                                07CR0267-L

1

**UNITED STATES DISTRICT COURT**

2

**SOUTHERN DISTRICT OF CALIFORNIA**

3    UNITED STATES OF AMERICA,           )          Criminal Case No. 07CR0267-L
                                         )
4                    Plaintiff,          )
                                         )
5          v.                            )          CERTIFICATE OF SERVICE
                                         )
6    MELANIE ELIZABETH DEPALMER,         )
                                         )
7                    Defendant.          )
                                         )

8

IT IS HEREBY CERTIFIED THAT:

9

I am not a party to the above-entitled action. I have caused service of
10   GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR
     DISCOVERY AND AND GOVERNMENT'S MOTIONS TO COMPEL PRODUCTION OF
11   RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the
     following parties by electronically filing the foregoing with the Clerk of the District Court using
12   its ECF System, which electronically notifies them.

13         1)     Knut S. Johnson, Esq.

14         I hereby certify that I have caused to be mailed the foregoing, by the United States Postal
     Service, to the following non-ECF participants on this case:
15
           None
16
     the last known address, at which place there is delivery service of mail from the United States
17   Postal Service.

18         I declare under penalty of perjury that the foregoing is true and correct.

19         Executed on March 13, 2008.

20                                                          s/Lawrence A. Casper

21                                                          _____
                                                            LAWRENCE A. CASPER

22

23

24

25

26

27

28

07CR0267-L